IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Crim. No. 7:25-mj-27 |
| vs. ) | **ORDER** |
| ) | |
| Nyasia Shanice Foster, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for a preliminary hearing and on the government's motion for detention.

By way of background, the defendant was arrested on May 12, 2025, after being charged in a criminal complaint for tampering with a federal witness by using the threat of physical force, in violation of 18 U.S.C. § 1512(a)(2) (docs. 1; 5). She appeared before the undersigned on the same day for her initial appearance and counsel was appointed (doc. 7). She requested a preliminary hearing and the government moved for a detention hearing (doc. 8). The hearings were combined and evidence and argument were presented on both matters on May 15, 2025.

The government called Special Agent Nick Matkins who testified that on May 6, 2025, arrests were made in federal cases involving Spartanburg-based drug and money laundering cases that had been previously indicted with the indictment under seal. The case was developed in part with information obtained from a certain confidential informant ("CI"). After the arrests that morning, the CI reported to investigators that the CI had received multiple messages from various phone numbers referencing his suspected involvement as a CI. On May 8th, the CI reported receiving text messages from a number unknown to him. The text messages were saved as screen shots and shared with investigators, and they were submitted as Government's Exhibits 1 and 2 at the hearing. These messages stated: "You going down everyone know about u, u set them boys up in

Spartanburg." This message was followed with a picture purporting to be the CI, with the message, "This the informant that's setting people up in Spartanburg" (Gov. Ex. 1). A subsequent message states, "We also have your address" (Gov. Ex. 2). Agt. Matkins testified that a fellow agent was able to trace the messages' originating phone number and associated IP address to the defendant and her residence. Investigator Royal with the Spartanburg County Sheriff's Department was familiar with the defendant (she previously served as an informant for him) and assisted in her arrest on an outstanding state warrant for a probation violation. She thereafter gave a statement to investigators admitting that she had sent the text messages, indicting she did it because she didn't like the CI.

As set out in the United States Probation Office's pre-trial services report, the defendant has a criminal record of mainly traffic and minor offenses, though her convictions also include hit and run, escape, domestic violence, and felonious habitual traffic offender and assault and battery for which she is actively serving probation. However, as noted above, an active warrant was issued and served on her for violating this probation.

The defendant presented information that the defendant is married and has a small child with health issues, and she is the primary care provider as her husband has a full-time job. She also advised that she is pregnant and since her arrest here has suffered stomach problems and anxiety. She maintains that she would not be a danger to anyone if she were to be released on bond to her home.

**Probable Cause**

The defendant argues that the government has failed to present evidence to establish probable cause that the defendant violated § 1512(a)(2). This statute – tampering with a witness, victim, or informant – sets out in relevant part:

(a)

    (2) Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to –

        (A) influence, delay, or prevent the testimony of any person in an official proceeding;

2

>>(B) cause or induce any person to –
>>
>>>(i) withhold testimony, or withhold a record, document, or other object, from an official proceeding;
>>>
>>>(ii) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding;
>>>
>>>(iii) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
>>>
>>>(iv) be absent from an official proceeding to which that person has been summoned by legal process; or
>
>(C) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;

>shall be punished as provided in paragraph (3).

Title 18, U.S.C. § 1512(a)(2). The defendant asserts that the government's evidence fails to show probable cause in two respects: (1) the messages sent do not qualify as a "threat of physical force" required by the statute, and (2) they were not made to "influence, delay, or prevent the testimony of any person in an official proceeding" since no official proceeding had then been scheduled for which the CI's testimony was to be presented.

Regarding the first contention, the undersigned finds that the messages conveyed a threat of physical force. While the statements "you going down," "you set them boys up," and "we got your address" can be innocuous standing alone, their threatening nature and intent is obvious when presented together and in the context of addressing a purported confidential informant soon after arrests were made in the Spartanburg cases. This finding is further justified when considering that the screen shot messages also

3

contained a picture of the purported CI with the statement, "This the informant that's setting people up in Spartanburg" (Gov. Ex. 1). Clearly, the defendant was communicating to the CI that she and others knew he was cooperating with law enforcement and that he would face dangerous repercussions for doing so.

As to the defendant's second contention that the messages were not made to influence, delay, or prevent an official proceeding, she asserts that the term "official proceeding" equates to a scheduled hearing or similar date-certain event before the court. She further argues that because the Spartanburg cases had only been indicted but not yet scheduled for a specific hearing at which the CI might testify, no "official proceeding" existed. As relevant here, the term "official proceeding" is defined as "a proceeding before a judge or court of the United States . . . ." 18 U.S.C. § 1515(a)(1)(A). The defendant has not provided case law to limit the interpretation of "official proceeding" so narrowly as to only include scheduled court hearings or similar judicial activity, and the undersigned has likewise been unable to locate a case that expands the term to include simply an indicted case with hearings forthcoming but not yet scheduled. However the question need not be decided, as subsection (a)(2)(C) appears to apply here:

> (2) Whoever uses physical force or the threat of physical force against any person, or attempts to do so, with intent to –
>
> * * *
>
> (C) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense . . .

shall be punished as provided in paragraph (3).

18 U.S.C. § 1512(a)(2)(C). The language "hinder, delay, or prevent the communication to a law enforcement officer" is clearly applicable here, as the defendant expressly identified the CI as "the informant that's setting people up in Spartanburg" in her threatening message (Gov. Ex. 1). Accordingly, while the application of subsection (a)(2)(A) may be questionable here on the issue of probable cause, there is no doubt that subsection (a)(2)(C) applies. Accordingly, the undersigned finds that probable cause exists that a violation of 18 U.S.C.

4

§ 1512(a)(2) took place, and that the defendant committed the violation. The defendant's motion to dismiss the complaint for lack of probable cause is denied.

### *Release/Detention*

The Bail Reform Act provides that court should provide bond with the least restrictive condition or combination of conditions necessary to reasonably assure the defendant's appearance and the safety of others and the community. 18 U.S.C. § 1342(a)(1-2), (b), (c). However, a defendant must be detained pending trial if, after a hearing, the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

In evaluating bond and detention determinations, the court considers factors of (1) the nature and circumstances of th offenses charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to the community of an individual if the defendant is released on bond. 18 U.S.C. § 3142(g).

The undersigned finds that the defendant should be detained. First, threatening an informant with physical harm is very serious matter. An informant always runs the risk of danger and retaliation from those on whom he is informing law enforcement of their criminal conduct, and his/her exposure to the criminal community heightens this risk. The messages here not only conveyed the threats of retaliatory physical harm, but indicated that the defendant was part of a larger unidentified group ("we also have your address") (Gov. Ex. 2) that the CI should fear. Second, the defendant's criminal record, including her pending state probation violation, demonstrate that she has little regard for abiding by the law, and is unlikely to conform her conduct to abide by conditions or any combinations of conditions set forth in any order for release issued here. The undersigned has considered

the mitigating factors advanced by the defendant towards release, but finds that she remains a serious risk of danger to the community, particularly to the CI involved here.

Based on the foregoing, the defendant is hereby ordered detained.

IT IS SO ORDERED.

May 16, 2025
Greenville, South Carolina

_____
United States Magistrate Judge